**Alvar DRENI, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–4741–AG.**

United States Court of Appeals, Second Circuit.

April 5, 2006.

Visuvanathan Rudrakumaran, New York, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney, District of Connecticut, Patrick F. Caruso, Assistant United States Attorney, Sandra S. Glover, Assistant United States Attorney, New Haven, Connecticut, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Alvar Dreni ("Dreni") petitions for review of an order of the BIA affirming the decision of an Immigration

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Judge ("IJ") ordering his removal to Albania and denying his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA affirms the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

The IJ's adverse credibility finding was supported by substantial evidence. Dreni's testimony was inconsistent, in that, among other reasons cited by the IJ: (1) Dreni testified that he had participated in a 1991 demonstration, which resulted in the government building being set afire, and that he had a validly issued Albanian passport, but had failed to mention both facts in his asylum application; and (2) the political party dues booklet that Dreni entered as evidence and purportedly often carried on his person did not comport with his testimony regarding the party's method for collecting dues. The IJ's finding that Dreni did not provide corroborating documentation or witnesses further undermined Dreni's credibility. *See Diallo v. INS,* 232 F.3d 279, 287 (2d. Cir.2000). These inconsistencies, and the lack of corroboration, provide substantial evidence for the IJ's adverse credibility finding and, therefore, the remaining grounds for the adverse credibility determination need not be discussed.

Because Dreni failed to establish his eligibility for asylum, he failed to meet the higher standard for withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). In addition, as argued by the government, Dreni has waived the IJ's denial of CAT relief, because he failed to exhaust that issue before the BIA. *See Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).